IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRIC OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON ROQUE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. MONTGOMERY, & ASSOCIATES, LTD., JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC, and MAURICE HAGGERTY, JR., Individually and in his capacity as the Independent Administrator of the Estate of LaTanya Haggerty,<br><br>Defendants. | ) | No. 03 C 7987 |

DOCKETED
MAR 0 3 2004
FILED
FEB 1 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, MAURICE HAGGERTY, JR., JAMES D. MONTGOMERY & ASSOCIATES, LTD., and COCHRAN, CHERRY, GIVENS, SMITH & MONTOGMERY, LLC, by and through their attorney, Thomas C. Marszewski, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, respectfully request that this court grant summary judgment to them and against the Plaintiff. In support thereof, the Defendants state as follows:

1. Plaintiff has brought this action against Defendants alleging breach of fiduciary duty, professional negligence, willful and wanton negligence, and abuse of process, in Counts I through IV, respectively, of the Amended Complaint.

2. Pursuant to this Court's Local Rule 56.1(a)(3), Defendants have filed herewith a statement of uncontested material facts, with references to Defendant's affidavits and supporting exhibits.

3. In light of those materials and affidavits, and as set forth more fully in the accompanying memorandum which is incorporated herein, Defendants contend that there is no genuine issue as to any material fact. Defendants, therefore, are entitled to judgment as a matter of law against the Plaintiff under counts 1 through 4 of her complaint.

WHEREFORE the Defendants, James D. Montgomery, Thomas C. Marszewski, Maurice Haggerty, Jr., and James D. Montgomery & Associates, Ltd., respectfully request that this Court grant summary judgment to them under counts 1 through 4 of Plaintiff's Amended Complaint.

Respectfully Submitted,

One of Defendants' Attorneys

Thomas C. Marszewski
James D. Montgomery & Associates, Ltd.
One N. LaSalle, Ste. 2450
Chicago, IL 60602
(312) 977-0200

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON ROQUE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. MONTGOMERY & ASSOCIATES, LTD., JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC., and MAURICE HAGGERTY, JR., Individually and in his capacity as the Independent Administrator of the Estate of LaTanya Haggerty,<br><br>Defendants. | ) | Judge Amy St. Eve<br>Magistrate Judge Ashman<br>No. 03 C 7987 |

**CERTIFICATE OF SERVICE**

To: Diane Ainsworth, Diane Ainsworth & Associates, 203 North La Salle Street, Suite 2100 Chicago, IL 60601-1126

The undersigned certifies, pursuant to Section 1-109 of the Code of Civil Procedure, that I served Plaintiff's **MOTION FOR SUMMARY JUDGEMENT, MEMORANDUM IN SUPPORT THEREOF AND DEFENDANTS' STATEMENT OF MATERIAL FACTS WITH ATTACHED EXHIBITS;** via U.S. Mail Delivery, before 5:00pm on February 17, 2004.

Shaleena President

Thomas C. Marszewski
James D. Montgomery & Associates
One North La Salle Street
Suite 2450
Chicago, IL 60602
(312)977-0200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRIC OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON ROQUE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. MONTGOMERY, & ASSOCIATES, LTD., JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC, and MAURICE HAGGERTY, JR., Individually and in his capacity as the Independent Administrator of the Estate of LaTanya Haggerty,<br><br>Defendants. | ) | No. 03 C 7987<br><br>Judge Amy St. Eve<br>Magistrate Judge Ashman |

DOCKETED
MAR 0 3 2004

FILED
FEB 1 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The Defendants, JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, MAURICE HAGGERTY, JR., JAMES D. MONTGOMERY & ASSOCIATES, LTD., and COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC, by and through their attorney, Thomas C. Marszewski, together with the Statement of Material Facts, submit this memorandum in support of their Motion for Summary Judgment pursuant to Local Rule 56.1, and Rule 56 of the Federal Rules of Civil Procedure.

**ARGUMENT:**

The Federal Rules of Civil Procedure state that summary judgment is appropriate when, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment



11

as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment, the initial burden is on the moving party to show that the pleadings and supplemental materials present no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). There is no genuine issue of material fact unless there is sufficient evidence to sustain a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986); Harbin v. Burlington Northern R.R. Co., 921 F.2d 129, 130 (7th Cir. 1990). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325. The Court must view the record and all inferences drawn from it in the light most favorable to the non-moving party. Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).

## I. This Court Should Grant Summary Judgment in Favor of Defendants Because Defendants Did Not Breach a Duty Owed to Sharon Roque

This court should grand summary judgment in favor of Defendants because there is an absence of evidence supporting each and every one of Plaintiff's claims. Even when viewed in the light most favorable to the Plaintiff, the material facts in this case do not support an allegation that Defendants breached any duty, either fiduciary or non-fiduciary in nature, which was owed to Plaintiff.

### A. Defendant Haggerty Did Not Owe or Breach a Fiduciary Duty:

The duties of an administrator are generally to collect the estate, convert it to cash, and distribute it to those entitled thereto. In re Estate of Wallen, 262 Ill. App. 3d 61, 72, 633 N.E.2d 1350, 1360 (2d. Dist. 1994). In performing these duties, the administrator owes a fiduciary duty to the beneficiaries of the Estate. Szymakowski v. Szymakowski, 185 Ill. App. 3d 746, 748, 542 N.E.2d 372, 374 (1st Dist. 1989). In addition, the administrator of an estate also has the duty to

protect the best interests of the estate. Jewish Hosp. of St. Louis v. Boatman's Nat. Bank of Belleville, 261 Ill. App. 3d 750, 763, 633 N.E.2d 1267, 1277 (5th Dist. 1994); Estate of Vail v. First of America Trust, Co., 722 N.E.2d 248 (4t Dist. 1999); Estate of Brown, 374 N.E.2d 699 (1st Dist. 1978).

In the present case, Defendants appeared before Judge Frank Siracusa in September, 1999, for the purpose of appointing Defendant Haggerty as Independent Administrator of the Estate of LaTanya Haggerty. (Defendants' Statement of Material Facts, ¶ 6) (hereafter, "Stmt. ¶ __"). At that time, Defendant Haggerty presented before Judge Siracusa an Affidavit of Heirship that included Sharon Roque as a sibling to LaTanya Haggerty, and heir to her estate. (Stmt. ¶ 6). Contrary to Plaintiff's claim and as evident in the attached exhibitis, this fact was never, at any time, misrepresented to the Court, or to Plaintiff. During the hearing before Judge Siracusa, however, Defendants were instructed by Judge Siracusa that Roque could not qualify as an heir to LaTanya's estate. (Stmt. ¶ 7). Roque was thus not included in the subsequent Order of Heirship. At that time, Sharon Roque was encouraged by Thomas Marszewski to retain outside counsel if she wished to challenge Judge Siracusa's order. (Stmt. ¶ 9). Illogically, and despite these facts, Plaintiff now wishes to hold Defendants responsible for not choosing to represent her in a challenge to the estate and the judge's ruling.

As a result of Jude Siracua's order, Sharon Roque was not a wrongful death beneficiary to whom Defendant Haggerty owed a fiduciary duty. Defendant Haggerty could not therefore owe a duty to Roque, unless and until she established her status as a beneficiary of the estate. Roque's status as a beneficiary was not established, and the Order of Heirship was not amended, until March 7, 2002. (Stmt. ¶ 15). Between September 1999, and March 7, 2002, a wrongful

death settlement was reached, and partial distributions were made to the then existing heirs. (Stmt. ¶ 12-14).

Subsequent to the amending of the Order of Heirship, a dependency hearing was requested by Defendants in order to allow Roque to present proof of her loss. (Stmt. ¶ 15). During that hearing on October 20, 2002, Roque was required to meet her burden of proof under the law. Despite the Plaintiff's claims that Defendants' denied or diminished Plaintiff's "fair share of her sister's estate," ensuring that the proper burden of proof was met during the dependency hearing and through Defendant Haggerty's appeal, is consistent with the law of Illinois. *See* In Re Estate of Finely, 151 Ill.2d 95, 103-104, 604 N.E.2d 699, 702 (Ill. 1992). Requesting a dependency hearing, and allowing Roque to prove her loss in accordance with Illinois law can hardly be considered an attempt by Defendants to "prosecute and pursue the plaintiff in an attempt to undermine her rights in the Estate of LaTanya Haggerty." (Cmplt. Count 1, ¶ 5).

More accurately, the dependency hearing was a result of a dispute among the beneficiaries over the issue of Roque's dependency, and what was perceived by the heirs as a lack of entitlement to LaTanya's Estate. The dependency hearing was not brought by the administrator on behalf of the estate. The liability portion of the wrongful death case had already been prosecuted by the administrator by the time Roque established her status as an heir. Except as a beneficiary, the administrator of the estate had no further role in his capacity as administrator. At no time, was their a breach of duty which occurred in the course of Defendant Haggerty's duties as Independent Administrator of the Estate of LaTanya Haggerty. This precise argument, raised by Roque on August 12, 2002 before Judge William Maddux, was rejected for the same reasons. (Stmt. ¶ 20).

Therefore, even when viewed in the light most favorable to Roque, there is an absence of evidence supporting Roque's claim that Defendant Haggerty owed Roque a fiduciary duty. Similarly, even if such a duty were owed to Plaintiff, the material facts in this case also do not support a claim that Defendant Haggerty breached such a duty when he acted consistently and in accordance with his duties to the Estate of LaTanya Haggerty.

**B. Defendant Attorneys Did Not Owe or Breach a Fiduciary Duty:**

Defendant attorneys James D. Montogmery & Associates, James D. Montgomery, Thomas C. Marszewski, and Cochran, Cherry, Givens, Smith & Montgomery, LLC, did not at any time have an attorney-client relationship with Sharon Roque. Defendant-attorneys entered into an employment contract with Defendant Haggerty on June 10, 1999. (Stmt. ¶ 1). Once employed by Defendant Haggerty, Defendant-attorneys stood in a fiduciary relationship to the beneficiaries of the estate. Szymakowski v. Szymakowski, 542 N.E.2d at 374. Consistent with this duty, Defendant attorneys represented to Judge Siracusa that Roque was a sibling of LaTanya Haggerty, and heir to her estate. However, it is undisputed that from the date of Judge Siracusa's Order of Heirship on Septmeber 20, 1999, until March 7, 2002, Plaintiff Roque did not have beneficiary status. (Stmt. ¶ 8 & 15). Therefore, Defendant-attorneys owed no fiduciary duty as a result of an attorney-client relation with Plaintiff Roque, or as a third-party beneficiary of the contract between Defendant Haggerty and Defendant-attorneys. Any duty that would have been owed was satisfied when Thomas Marszewski instructed Roque to retain outside counsel if she wished to challenge the judge's order. At no time did Defendant-attorneys make misrepresentations to Roque, or the Cirucit Court of Cook County regarding Roque's relationship to LaTanya Haggerty. (Stmt. ¶ 6).

Further, even assuming that an attorney-client relationship existed, or that Roque was at all relevant times a third-party beneficiary of the contract between Maurice Haggerty, Jr., and Defendant-attorneys, an attorney's primary duty in advising a representative of an estate is to the representative, not the beneficiaries. Rutkoski v. Hollis, 235 Ill. App. 3d 744, 751, 600 N.E.2d 1284, 1289 (4th Dist. 1997); In re Estate of Kirk, 292 Ill. App. 3d 914, 919, 686 N.E.2d 1246, 1250 (2d Dist. 1997).

Plaintiff has raised a breach of fiduciary duty or similar argument a minimum of three times prior to filing her Amended Complaint, all of which in turn have failed. In response to a complaint to the Illinois Attorney Registration and Disciplinary Commission ("the ARDC") by Plaintiff's attorney, Defendant Marszewski composed a letter to the Commission that identified most or all of the facts contained in the Statement of Material Facts submitted with this Memorandum. The ARDC determined that the evidence presented to them by Plaintiff's attorney and Defendant-attorneys, did not warrant further disciplinary proceedings or inquiry. (Stmt. ¶ 21). Defendant-attorneys' conduct did not even rise to the level of being a disciplinary violation, and cannot now support a cause of action for malpractice, breach of fiduciary duty, or professional negligence. Similarly, on August 12, 2002, Judge William Maddux rejected Roque's arguments that a conflict of interest existed, and that fiduciary duty to existed in favor of Sharon Roque. (Stmt. ¶ 20). Finally, Roque moved the First District Appellate Court to sanction Defendant-attorneys and Defendant Haggerty for attempting to waste judicial resources and to diminish Roque's award by incurring unnecessary attorney's fees and costs. (Stmt. ¶ 18). The First District also rejected this argument, and denied on these facts Plaintiff's motion for sanctions and motion to dismiss Defendants' appeal. (Stmt. ¶ 18).

There is no genuine issue of material fact in this case. Even when viewed in the light most favorable to the Plaintiff, the material facts of this case do not support a claim that Defendant-attorneys breached a duty that was owed to Sharon Roque. Where no duty has ever been owed or breached, Plaintiff cannot establish the basic elements of Counts 1-3 of her complaint.

**C. Defendants Did Not Owe or Breach a Non-Fiduciary Duty:**

Plaintiff alleges as a basis for Count III of her Amended Complaint, that Defendants asserted that "Plaintiff could not inherit from the Estate of LaTanya Haggerty because she was born outside of wedlock." (Cmplt. Count 3, ¶ 5). In doing so, Plaintiff further alleges that Defendants breached a "duty of care" owed to Plaintiff. However, the material facts in this case do not support a claim that an extra-contractual, non-fiduciary duty to protect Roque's interests existed, nor has any basis for such a duty been alleged.

Additionally, even if such a duty could be found to exist, the breach of such duty as alleged by Plaintiff cannot be supported by the facts of this case. As clearly evident in the attached affidavits and materials, Defendants presented an Affidavit of Heirship that included Sharon Roque. (Stmt. ¶ 6). Plaintiff Roque was denied her status as an heir by Judge Siracusa, not Defendants. (Stmt. ¶ 7). At all relevant times, Defendants represented to the Court that Roque was a sibiling of LaTanya Haggerty. Therefore, even when viewed in the light most favorable to the Plaintiff, the facts of this case do not support a claim that Defendants breached a non-fiduciary, non-contractual duty of care owed to Plaintiff Roque.

## II. This Court Should Grant Summary Judgment in Favor of Defendants Because Sharon Roque has Not Suffered Any Damages as a Result of the Conduct Alleged in Counts 1-4 of Plaintiff's Complaint

There is no genuine issue of material fact upon which to support a claim of injury to Sharon Roque. Even if all of Plaintiff's claims are taken as true, there is no basis for the damages which she claims to have suffered. After establishing her status as an heir, Sharon Roque was given the opportunity to present evidence and prove her loss and entitlement to $1.5 million dollars previously deposited with the court. (Stmt. ¶ 13). The Circuit Court determined that Roque was not entitled to the full $1.5 million (12.6% of the settlement proceeds), but rather was only entitled to a maximum of 5% of the total settlement proceeds, in the amount of $595,169.62. (Stmt. ¶ 16).

Despite Plaintiff's claims, Defendants have not denied Roque any additional "lawful recovery," or her "fair share of her sister's estate." Presumably, just as in her cross-appeal to the First District, the basis for the damages alleged in Plaintiff's Amended Complaint is that other heirs received more than she did. This much is apparent in her assertion that Defendants' "diminished" her "lawful recovery." (Cmplt. Count 1, ¶ 6). However unfair this may seem to Plaintiff Roque, she was nevertheless accorded her fair opportunity to prove her loss. As explained by the First District Appellate Court, 5% is the maximum amount to which Roque may be entitled. (Stmt. ¶ 19). Sharon Roque simply has not suffered a compensable loss in this case.

Additionally, and contrary to plaintiff's allegation, any expenses incurred to pursue her status as an heir are not the result of defendant's conduct, nor are these expenses duplicative. Defendant-attorneys did not at any time prior to being compensated, have an attorney-client relationship with Roque. Moreover, as noted by Judge Maddux on August 12, 2003, Defendant-attorneys earned their fees by collecting the money for LaTanya Haggerty's Estate, and are

entitled to their fees from that estate. (Ex. G). Logically, what is distributable to Roque is the issue of the remainder of the estate to which she proves an entitlement. Roque has not alleged negligence on behalf of Defendant-attorneys in representing the estate in litigation, as the basis for her "duplicative fee" claim, nor was Plaintiff's attorney hired to prosecute the liability portion of this case.

Additionally, even if it were taken as true that Defendant attorneys had an attorney-client relationship not only with Maurice Haggerty, Jr., but also with all heirs, it is uncontroverted that at the time the fee was earned, and at all times prior thereto, Plaintiff was not established as an heir. (Stmt. ¶ 10 & 12). The fees incurred by Roque to pursue her status as an heir to LaTanya's estate are neither duplicative, nor a result of conduct by the Defendants.

Finally, it is well established that punitive damages cannot exist in a vacuum. In other words, under Illinois law punitive damages may not be awarded in the absence of actual damages. Hayman v. Autohaus on Edens, Inc., 315 Ill.App.3d 1075, 1078, 734 N.E.2d 1012, 1015 (1st Dist. 2000); Byrod Corp. v. Armen-Berry Co., 668 F.2d 956, 961 (7th Cir. 1982). Since there is no basis for actual damages in this case, Plaintiff's plea for punitive damages also fails.

Therefore, even when viewed in the light most favorable to Roque, there is an absence of evidence supporting Roque's claim that she has suffered any legally compensable injury in this case. Where no damages can be supported by the evidence, Plaintiff cannot establish the basic elements of Counts 1-4 of her complaint, and this Court should accordingly grant summary judgment in favor of Defendants.

## III. This Court Should Grant Summary Judgment in Favor of Defendants Because Defendants Have Acted in Good Faith

There are two elements of a claim for abuse of process in Illinois: (1) some act in the use of the legal process not proper in the regular prosecution of such proceedings, and (2) the existence of an ulterior purpose or motive. Kirchner v. Greene, 691 N.E.2d 107, 116 (1st Dist. 1998), citing Arora v. Chui, 279 Ill. App. 3d 321, 331 (Dist. 1996); Holiday Magic, Inc. v. Scott, 4 Ill. App. 3d 962, 966 (Dist. 1972). The mere use of the legal process, such as filing of a lawsuit, does not constitute abuse of process. Id., citing Kurek v. Kavanagh, Scully, Sudow, White & Frederick, 50 Ill. App. 3d 1033, 1038 (Dist. 1997). Specifically, some act must be alleged whereby there has been a misuse or perversion of the process of the court. Id. Illinois Courts have stated that in order to satisfy the "act" requirement, the plaintiff must have suffered an actual arrest or seizure of her property. Commerce Bank, N.A. v. Plotkin, 627 N.E.2d 746, 748 (3d Dist. 1994), citing Holiday Magic, 4 Ill. App. 3d 962.

Preliminarily, Plaintiff's allegations in Count IV of her complaint do not even satisfy the elements of abuse of process. The basis for Plaintiff's claim in this case, is that Defendants "filed frivoulous pleadings and a frivolous appeal in an attempt to undermine Plaintiff's rights in the Estate of LaTanya Haggerty." (Cmplt. Count 4, ¶ 2). However, the alleged abuse must be an abuse of *process*. Illinois courts construe the term "process" very narrowly. Kirchner, 691 N.E.2d at 117; Commerce Bank, 627 N.E.2d at 748. The mere use of legal process, such as filing pleadings, does not constitute abuse of process. Kirchner, 691 N.E.2d at 116. The Plaintiff has not properly alleged facts sufficient to support an abuse of process claim, and Count 4 of her complaint should be dismissed accordingly.

Further, even assuming this flaw were not fatal to Plaintiff's claim, when viewed in the light most favorable to the Plaintiff, the material facts in this case do not support a claim that

Defendants acted in bad faith, or to further an ulterior purpose or motive. At no time did Defendants actively seek to have Roque removed as an heir, or actively prevent her from establishing her status as an heir. Regardless of the manner in which the other heirs were apportioned their share of the estate prior to Roque establishing her status as an heir, a determination of Roque's dependency was required and appropriate under Illinois law. *See* In Re Estate of Finely, 151 Ill.2d 95, 103-104, 604 N.E.2d 699, 702 (Ill. 1992).

Finally, the material facts in this case cannot support the "act" element of abuse of process. It is clear that the alleged "abuse of process" has not in any way affected Roque's property. Roque cannot establish that she has suffered a loss in this case. Therefore, there is no genuine issue of material fact in this case. Even when viewed in the light most favorable to the Plaintiff, the material facts of this case do not support a claim that Defendant-attorneys abused legal process.

**CONCLUSION:**

For the foregoing reasons and based upon the material facts of this case, Defendants are entitled to judgment as a matter of law and this Honorable Court should grant summary judgment in favor of Defendants on Counts 1-4 of Plaintiff's Complaint.

Respectfully Submitted,

One of Defendants' Attorneys

Thomas C. Marszewski
James D. Montgomery & Associates, Ltd.
One North LaSalle, Ste. 2450
Chicago, Illinois 60602
(312) 977-0200