**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

DOCKETED
APR 2 0 2004

| | | |
|---|---|---|
| SHARON ROQUE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. MONTGOMERY, & ASSOCIATES, LTD., JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC, and MAURICE HAGGERTY, JR., Individually and in his capacity as the Independent Administrator of the Estate of LaTanya Haggerty,<br><br>Defendants. | ) | No. 03 C 7987 |

FILED
APR 1 5 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# NOTICE OF FILING

**PLEASE TAKE NOTICE** that on April 15, 2004, we filed in the United States Federal District Court for the Northern District of Illinois, Eastern Division, **Defendants' Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure or, in the Alternative Motion for Attorneys Fees Pursuant to Rule 41.**

By: ______________________

Thomas C. Marszewski
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North La Salle Street, Suite 2450
Chicago, IL 60602
(312)977-0200
Fax (312)977-0209

## Proof of Service

I certify that I served this notice and the attached document to Diane Ainsworth, Diane Ainsworth & Associates, Ltd., 203 North La Salle Street, Suite 2100, Chicago, IL 60601-1126

☑ by mailing, postage prepaid, from One North La Salle Street, Suite 2450, Chicago, Illinois 60602, at or before 5:00 p.m. on 4/15, 2004.

Shakeena President

19

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

DOCKETED
APR 2 0 2004

SHARON ROQUE,

Plaintiff,

v.

JAMES D. MONTGOMERY, & ASSOCIATES, LTD., JAMES D. MONTGOMERY, THOMAS C. MARSZEWSKI, COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, L.L.C., and MAURICE HAGGERTY, JR., Individually and in his capacity as the Independent Administrator of the Estate of LaTanya Haggerty,

Defendants.

No. 03 C 7987

FILED
APR 1 5 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, MOTION FOR ATTORNEYS FEES PURSUANT TO RULE 41**

**NOW COMES** the Defendants James D. Montgomery and Assoc., Ltd., et. al., by their attorney, Thomas C. Marszewski, and move pursuant to Federal Rule of Civil Procedure 11 for sanctions against attorney, Diane Ainsworth. In the alternative, Defendants move for attorneys' fees pursuant to Federal Rule of Civil Procedure 41. In support of these motions, Defendants state the following:

## I. INTRODUCTION

On January 8, 2004, the Plaintiff, Sharon Roque, through her attorney, Diane Ainsworth, initiated this diversity action for various claims of negligence against Defendants, Maurice Haggerty, Jr. ("Mr. Haggerty"), and James D. Montgomery & Assoc., Ltd., James D. Montgomery, Thomas C. Marszewski, and Cochran, Cherry, Givens, Smith & Montgomery, L.L.C., ("The Cochran Firm", collectively). Plaintiff

19

also filed an identical claim in state court, in the Circuit Court of Cook County, Illinois. Plaintiff alleged that Mr. Haggerty owed and breached a fiduciary duty to Plaintiff as Independent Administrator of the Estate of LaTanya Haggerty, Plaintiff's deceased half sister. See Amended Complaint, ¶ 2 through 5, page 3. Plaintiff also alleged that the Cochran Firm[1], which represented the Independent Administrator, owed and breached a fiduciary duty to Plaintiff. See Amended Complaint, ¶ 3 and 5, page 3. Plaintiff also alleged that Defendants maliciously, willfully, recklessly, and/or negligently abused the legal process to the detriment of the Plaintiff. See Amended Complaint, ¶ 5(c), page 3.

On February 17, 2004, Defendants filed a motion for Summary Judgment. The court gave Ms. Ainsworth until March 30, 2004, to file a response. Ms. Ainsworth knew she had no adequate response and elected to dismiss on March 18, 2004, instead of filing a response to defendants' summary judgment motion. In her motion for Non-Suit, Ms. Aisworth states that "it appears that the defendants have a significant presence in the State of Illinois to justify a non-suit of this action..." See attached Exhibit 1, ¶ 3. This purported reason is not genuine. A simple and reasonable factual inquiry would have revealed that James D. Montgomery and Thomas C. Marszewski have been attorneys licensed to practice in the State of Illinois since 1956 and 1992, respectively. Plaintiff's Complaint was dismissed without prejudice on March 29, 2004. See attached Exhibit 2.

In the state court case, the Defendants filed a motion for Summary Judgment on March 4, 2004. Plaintiff objected to the date in which to respond to the motion and instead claimed that she would need

---

[1]A simple review of the underlying case of Haggerty v. City of Chicago, 99 L 6486, reveals that the firm of James D. Montgomery & Assoc., Ltd., represented Maurice Haggerty, Jr. The law firm of Cochran, Cherry, Givens, Smith & Montgomery, L.L.C., was not formed until March of 2000 and did not file an appearance in Haggerty v. City of Chicago, et.al.

to take discovery. In response, Judge Hogan entered and continued the motion for Summary judgment, and gave Plaintiff until April 23, 2004, to file an Illinois Supreme Court Rule 191 Affidavit.[2] See attached Exhibit 3. While Ms. Ainsworth has thus far been successful in stalling her response to Defendants' Summary Judgment motion, she was not successful in stalling her response before this Court. Therefore, when faced with responding to a summary judgment motion, Ms. Ainsworth elected to dismiss the case against the Defendants.

On April 8, 2004, the Defendant, Thomas C. Marszewski, sent a letter to attorney, Diane Ainsworth, and informed her that her Complaint was a violation of Federal Rule of Civil Procedure 11. See attached Exhibit 4. In that letter, Mr. Marszewski suggested that the parties resolve the matter informally, and requested that Ms. Ainsworth agree to dismiss the federal case with prejudice and her identical state court Complaint with prejudice by Monday, April 12. Ms. Aisworth refused to do so. Thus, with no satisfactory resolution reached, Defendants present this motion for sanctions.

## II. DIANE AINSWORTH VIOLATED RULE 11 BY FAILING TO CONDUCT A REASONABLE INVESTIGATION OF THE FACTS AND RELEVANT LAW

Rule 11(b) of the Federal Rules of Civil Procedure requires an attorney or party to certify to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that any pleading filed with the court is not presented for an improper purpose, and that all claims have legal and evidentiary support. Espinoza v. Northwestern University, 2004 WL 416471, at*3 (N.D.Ill. Jan. 30, 2004). An attorney may be sanctioned for failing to make a reasonable inquiry into the relevant facts and

---

[2]Illinois Supreme Court Rule 191(b) allows the court to grant a party a continuance in responding to a motion if the responding party can establish the need to obtain discovery by written requests and/or depositions prior to having the ability to adequately respond to the motion at issue.

law; for asserting a legal theory that lacks evidentiary support or is not warranted either by existing law or by a good faith argument for the extension, modification, or reversal of existing law; or for filing a complaint that the attorney does not believe is well-grounded in fact; or by failing to act in good faith (e.g., filing papers to harass the other party). Inkeepers' Telemanagement and Equip. Corp. v. Hummert Management Corp Group, Inc., 1994 WL 478491, at *4 (N.D.Ill., Aug 30, 1994). To measure the reasonableness of a party's inquiry into the factual bases of its claims, we look to a number of factors including: whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts. Divane v. Krull Elec. Co., Inc., 200 F3d. 1020, 1028 (7th Cir. 1999).

Here, Diane Ainsworth, has failed to satisfy her affirmative duties under Rule 11. Ms. Ainsworth had sufficient time for investigation; had sufficient access to the relevant facts, which were a matter of public record; was the only attorney handling this matter which involves relatively basic legal causes of action, and yet still failed to conduct a reasonable inquiry into the facts and law. The relevant portions of her Complaint that are in violation are discussed below.

**A. Ms. Ainsworth's complaint failed to include relevant facts of which she knew or should have known would not support a claim for breach of fiduciary duty against Maurice Haggerty, Jr.**

In paragraphs two (2) through five (5) of Count I of the Amended Complaint, Ms. Ainsworth states that Mr. Haggerty, as the Independent Administrator and Personal Representative of the Estate of LaTanya Haggerty, owed a fiduciary duty to all of the beneficiaries of the Estate; that Sharon Roque is a beneficiary

of the Estate of LaTanya Haggerty; that Mr. Haggerty owed a fiduciary duty to Ms. Roque; and that Mr. Haggerty breached that duty. These statements are misleading and incomplete. Her Complaint fails to mention that, pursuant to Judge Siracusa's instruction on September 20, 1999, Ms. Ainsworth's client, Ms. Roque, did not qualify as an heir. See Exhibit 5,¶ 6. Ms. Roque's status as a beneficiary was not established, and the Order of Heirship was not amended, until March 7, 2002. See Exhibit 6. During that time, a wrongful death settlement was reached, and partial distributions were made to the then existing heirs. See Exhibit 7. Mr. Haggerty could not, therefore, owe a duty to Ms. Roque as beneficiary during this time because she was not a beneficiary.

**B. In addition to failing to include relevant, adverse facts, an adequate investigation of the law would have revealed that no claim could lie for breach of fiduciary duty on behalf of the Defendants.**

In paragraphs three (3) through five(5) of Count I of the Amended Complaint, Ms. Ainsworth states that the Cochran Firm, which represents the Independent Administrator, owed a fiduciary duty to all of the beneficiaries; that Ms. Roque is a beneficiary, that the Cochran Firm owed a duty to Ms. Roque; and that the Cochran Firm breached that duty. She also states in paragraph two (2) of Count II that the Cochran Firm had an attorney-client relationship with Ms. Roque and all of the heirs and beneficiaries of the Estate.

First, as discussed above, it is undisputed that at the time the fee was earned, and all times prior thereto, Ms. Roque was not established as an heir. Second, an attorney's primary duty in advising a representative of an estate is to the representative, not the beneficiaries. Rutkoski v. Hollis, 235 Ill. App. 3d 744, 751, 600 N.E.2d 1284, 1289 (4th Dist. 1997); In re Estate of Kirk, 292 Ill. App. 3d 914, 919, 686 N.E.2d 1246, 1250 (2d Dist. 1997). Neither James D. Montgomery & Assoc., Ltd., nor Cochran,

Cherry, Givens, Smith & Montgomery, L.L.C., entered into an attorney-client relationship with Ms. Roque and, in fact, Defendant, Mr. Marszewski, encouraged her to seek outside counsel if she chose to challenge Judge Siracusa's denial of her status as an heir. See Exhibit 5, ¶ 10.

**C. Ms. Ainsworth failed to investigate the relevant document that would have established that Defendants had disclosed Sharon Roque's status as heir.**

In paragraph 5(a) and (d) of Count I of Ms. Ainsworth's Amended Complaint, she states that Mr. Haggerty and the Cochran Firm breached their fiduciary duty to Ms. Roque by failing to disclose or defend Ms. Roque's status as a beneficiary to the Estate of LaTanya Haggerty to one or more tribunals, including the Circuit Court of Cook County. This allegation is either a misrepresentation of the facts by Ms. Ainsworth, or a failure on Ms. Ainsworth's part to conduct a reasonable inquiry into the facts. The Affidavit of Heirship filed by Mr. Haggerty in the Circuit Court of Cook County on October 20, 1999, Illinois, plainly lists Ms. Roque in paragraph 10 and identifies her as the child of Maurice Haggerty, Sr., born out of wedlock. See Exhibit 8.

**D. Ms. Ainsworth failed to research the elements for abuse of process and filed the claim with insufficient facts to support an abuse of process claim.**

In paragraph 5(c) of Count I, and paragraph 2 of Count IV of the Amended Complaint, Ms. Ainsworth states that Defendants abused the legal process in an attempt to undermine Ms. Roque's rights in the Estate of LaTanya Haggerty. A cursory study of the elements for abuse of process would have revealed that the facts of this case did not warrant such a claim. There are two elements of a claim for abuse of process in Illinois: (1) some act in the use of the legal process not proper in the regular prosecution of such proceedings, and (2) the existence of an ulterior purpose or motive. Kirchner v. Greene, 691

N.E.2d 107, 116 (1st Dist. 1998). The mere use of the legal process, such as filing of a lawsuit, does not constitute abuse of process. Id., citing Kurek v. Kavanaugh, Scully, Sudow, White & Frederick, 50 Ill. App. 3d 1033, 1038 (Dist. 1997). The allegations in Ms. Ainsworth's Amended Complaint do not satisfy these elements, and more importantly, the material facts in this case cannot satisfy these elements. She provided no evidence, and indeed there is no evidence, to suggest that Mr. Haggerty, or the Cochran firm has performed any improper act or acted with ulterior purpose or motive.

**III. THIS COURT SHOULD AWARD SANCTIONS TO MAURICE HAGGERTY, JR., AND THE COCHRAN FIRM, ET.AL. IN THE AMOUNT OF $4,237.50**

Under Rule 11(c), a district court may impose sanctions on a party for filing false or frivolous pleadings. Espinoza v. Northwestern University, 2004 WL 416471 *3 (N.D.Ill. Jan. 30, 2004). Here, sanctions are appropriate because Ms. Ainsworth's failed to make a reasonable inquiry into the facts and relevant law. Even though Plaintiff has voluntarily dismissed her claim without prejudice, sanctions are still appropriate. But see Harding Univ. v. Consulting Services Group., L.P., 48 F.Supp.2d 765 (N.D. Ill. 1999). Unlike the plaintiffs in Harding Univ., the plaintiff in this case has not agreed to dismiss her case with prejudice. In Harding Univ., the court held that the defendants failed to file the Rule 11 motion in a timely matter because they filed it after they had been voluntarily dismissed with prejudice. Id. at 771. Plaintiff in the instant case has voluntarily dismissed without prejudice, hence Harding Univ. is not controlling and sanctions are still available and appropriate.

As supported by the Declaration of Thomas C. Marszewski, the Defendants have incurred attorney fees in the total sum of $4,237.50 as a direct result of Ms. Ainsworth's misconduct. Because of Ms. Ainsworth's misconduct, the Defendants were required to research, prepare, and file a motion for

Summary Judgment. Therefore, pursuant to Rule 11, this Court should impose sanctions against Ms. Ainsworth to be paid to James D. Montgomery & Assoc., Ltd., for its fees and expenses. The Declaration of Thomas C. Marszewski provides a nonprivileged description of the tasks, associated attorney hours and fees, and law clerk hours due to Ms. Ainsworth's misconduct.

## IV. IN THE ALTERNATIVE, DEFENDANTS REQUEST THAT THIS COURT REQUIRE PLAINTIFF SHARON ROQUE TO PAY DEFENDANTS' ATTORNEYS' FEES AS A CONDITION OF PLAINTIFF'S VOLUNTARY DISMISSAL

Pursuant to the Federal Rule of Civil Procedure 41(a)(2), the District Court has broad discretion to impose conditions on the voluntary dismissal of a case; a plaintiff may voluntarily dismiss her case without prejudice after a defendant has filed an answer or summary judgment motion but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. . 41(a)(2); Marlow v. Strawn, 19 F.3d 300, 303 (7th Cir. 1994). Generally, an award of attorney fees is an appropriate condition of a voluntary dismissal. Marlow, 19 F.3d at 306. These fees can be awarded when a plaintiff obtains a dismissal without prejudice. Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985). Plaintiff's motion for non-suit was granted over Defendants' objection and the case was dismissed without prejudice on March 25, 2004. This Court gave Defendant leave to file any appropriate attorneys' fees motions by April 15, 2004. Imposition of attorneys' fees against Plaintiff Sharon Roque and/or her attorney, Diane Ainsworth, and in favor of James D. Montgomery and Associates, Ltd., is necessary to offset the expense of a reasonable attorneys' fee Defendants have suffered as a result of Plaintiff filing a Complaint and an Amended Complaint in federal court and waiting until one week before her response to Defendants' motion for Summary Judgment was due to file a voluntary dismissal motion.

**WHEREFORE**, for the foregoing reasons, the Defendants request that their Motion for Sanctions be granted and that Rule 11 sanctions be entered against attorney, Diane Ainsworth, and in favor of James D. Montgomery & Assoc., Ltd., in the amount of $4,237.50. In the alternative, Plaintiff Sharon Roque should pay Defendants' attorneys' fees pursuant to Federal Rule of Civil Procedure 41(a)(2).

Respectfully submitted,

One of Defendants' Attorneys

Thomas C. Marszewski
James D. Montgomery, L.L.C.
One North LaSalle, Ste. 2450
Chicago, Illinois 60602
(312) 977-0200

**IN THE UNITED STATES DISTRICT**
**COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAR 1 8 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| SHARON ROQUE, Plaintiff | ) | |
| | ) | |
| v. | ) | No. 03 C 7987 |
| | ) | |
| JAMES D. MONTGOMERY, et al., | ) | Judge Amy St. Eve |
| Defendants | ) | Magistrate Judge Ashman |

**MOTION FOR NON-SUIT**

**NOW** comes **DIANE AINSWORTH**, movant and one of the attorneys for **SHARON ROQUE**, and brings this motion for a non-suit of the above entitled cause. That in support of said motion, the movant states:

1. That a claim of breach of fiduciary duty was also filed against the defendants in the Law Division of the Circuit Court of Cook County.
2. That this action was originally filed in Federal Court since the state court might dismiss the action due to diversity of citizenship and that the claim would be barred from being filed in Federal Court due to the running of the statute of limitations prior to the state court making a decision.
3. That it appears that the defendants have a significant presence in the State of
4. Illinois to justify a non-suit of this action, and furthermore in the

EXHIBIT
tabbies
1

interest of this Court's judicial economy a non-suit is proper.

**WHEREFORE**, the movant prays as follows:

i. That the court non-suit the above entitled cause instanter.

**DIANE AINSWORTH**
Attorney for Plaintiff
230 North LaSalle (Suite 2100)
Chicago, Illinois 60601
(312) 984-0398

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RECEIVED MAR 3 0 2004

Michael W. Dobbins
CLERK

Office of the Clerk

Thomas Charles Marszewski
Cochran, Cherry, Givens, Smith & Montgomery
1 North LaSalle St.
Suite 2450
Chicago, IL 60601

---

Case Number: 1:03-cv-07987

Title: Roque v. Montgomery

Assigned Judge: Honorable Amy J. St. Eve

MINUTE ORDER of 3/25/04 by Hon. Amy J. St. Eve: Plaintiff's motion for non-suit is granted [16-1]. This case case is dismissed without prejudice. Defendants' to file any appropriate by 4/15/04. All pending dates and motions are terminated as moot. Terminating case. Mailed notice

This docket entry was made by the Clerk on March 29, 2004

ATTENTION: This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by ICMS, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges. Check for rulings on noticed motions. Also, subscribe to CourtWatch--a free service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

EXHIBIT
tabbles
2

**ORDER**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT
tabbies
3

Rogue

v.

Montgomery

No. 03 L 14236

## ORDER

This cause coming before this court on Plaintiff's motion for default and Defendants' motion for Summary Judgment, It is hereby ordered:

1. Plaintiff's motion for default is denied.
2. Defendants' motion for Summary Judgment is entered and continued to April 23, 2004, 9:45 a.m.
3. Plaintiff has until April 23, 2004 to file an Illinois Supreme Court Rule 191 Affidavit.
4. Next court status on April 23, 2004 at 9:45 a.m. in Room 2601.
5. The March 12, 2004 order did not effect the March 11, 2004 reinstatement of Plaintiff's case. And ~~on reinstatement to~~ the March 12, 2004 order related only to requiring Defendants to file an Answer.

Atty. No.: 37432

Name: Tom Marszewski - Cochran, Cherry, Givens, Smith, Montgomery

Atty. for: Defendants

Address: One N. LaSalle 3450

City/State/Zip: Chicago/Il/60602

Telephone: (312) 977-0200

ENTER:

Judge Michael J. Hogan
MAR 19 2004
Circuit Court - 247

Judge Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-250M-7/26/03 (33480662)

LAW OFFICES OF

COCHRAN, CHERRY, GIVENS SMITH & MONTGOMERY, L.L.C.

JOHNNIE L. COCHRAN, JR.
JAMES D. MONTGOMERY
SAMUEL A. CHERRY, JR.
J. KEITH GIVENS
JOCK M. SMITH

THOMAS C. MARSZEWSKI
MELVIN L. BROOKS
JAMES M. SANFORD
MARK PARTS
DOUGLAS HOPSON
BEVERLY P. SPEARMAN
TRENT A. MCCAIN

ONE NORTH LASALLE STREET • SUITE 2450
CHICAGO, ILLINOIS 60602
(312) 977-0200 • FAX: (312) 977-0209

Member of California, New York & Washington, D.C. Bar
Member Alabama Bar
Member Alabama, Florida & Georgia Bar
Member Illinois Bar
Member Ohio and Illinois Bar

April 7, 2004

**VIA MESSENGER DELIVERY**
Diane Ainsworth
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601-0398

RE: Roque v. Haggerty, et.al., Case No. 03 C 7987

Dear Diane Ainsworth:

We believe that the following sections of your Amended Complaint which you decided to dismiss only after we filed our motion for Summary Judgment violate the requirements of Rule 11 of the Federal Rules of Civil Procedure. The purpose of this letter is to bring your attention to the facts and law that demonstrate your Complaint is frivolous. Our review of the facts known to us indicate the following:

- In paragraph 2 through 5 of Count I, you state that Defendant Maurice Haggerty, Jr., as the Independent Administrator and Personal Representative of the Estate of LaTanya Haggerty, owed a fiduciary duty to all of the beneficiaries of the Estate; that Plaintiff Sharon Roque is a beneficiary of the Estate of LaTanya Haggerty; and that Defendants owed a fiduciary duty to Plaintiff Sharon Roque.

These statements are misleading and incomplete. Your Complaint fails to mention that, pursuant to Judge Siracusa's instruction on September 20, 1999, your client, Sharon Roque ("Roque"), did not qualify as an heir. See Exhibit 1. Roque's status as a beneficiary was not established, and the Order of Heirship was not amended, until March 7, 2002. See Exhibit 2. During that time, a wrongful death settlement was reached, and partial distributions were made to the then existing heirs. See Exhibit 3. Maurice Haggerty, Jr., could not, therefore, owe a duty to Roque as beneficiary during this time because she was not a beneficiary.

EXHIBIT
tabbies
4

- In paragraph 3 of Count I, you state that we, as the law firm which represents the Independent Administrator, owed a fiduciary duty to all of the beneficiaries, and pursuant to paragraph 4, since Plaintiff Roque is a beneficiary, we had a duty to plaintiff. You also state in paragraph 2 of Count II that Defendants had an attorney-client relationship with plaintiff and all of the heirs and beneficiaries of the Estate.

First, as discussed above, it is undisputed that at the time the fee was earned, and all times prior thereto, Roque was not established as an heir. Second, an attorney's primary duty in advising a representative of an estate is to the representative, not the beneficiaries. Rutkoski v. Hollis, 235 Ill. App. 3d 744, 751, 600 N.E.2d 1284, 1289 (4th Dist. 1997); In re Estate of Kirk, 292 Ill. App. 3d 914, 919, 686 N.E.2d 1246, 1250 (2d Dist. 1997). We, as a firm, did not enter into an attorney-client relationship with Roque and, in fact, encouraged her to seek outside counsel if she chose to challenge Judge Siracusa's denial of her status as an heir. See Exhibit 1.

- In paragraph 5(a) and (d) of Count I of your Amended Complaint, you state that Defendants Haggerty, Jr., and James D. Montgomery & Associates, Ltd., breached their fiduciary duty to plaintiff by failing to disclose or defend plaintiff's status as a beneficiary to the Estate of LaTanya Haggerty to one or more tribunals, including the Circuit Court of Cook County.

The Affidavit of Heirship filed by Maurice Haggerty, Jr., in the Circuit Court of Cook County on October 20, 1999, Illinois, plainly lists Roque in paragraph 10 and identifies her as the child of Maurice Haggerty, Sr., born out of wedlock. See Exhibit 4.

- In paragraph 2 of Count II, you state that, but for Defendants' breach of duty, Plaintiff's claim to compensation for the estate would have been protected and Plaintiff would not have suffered loss.

Roque did not and cannot establish that she has suffered a loss in this case. After establishing her status as an heir, Roque was given the opportunity to present evidence and prove her loss of entitlement. See Exhibit 5. The Circuit Court determined that Roque was entitled to a maximum of 5% of the total settlement proceeds, in the amount of $595,169.62. See Exhibit 5. As explained by the First District Appellate Court, 5% is the maximum amount to which Roque may be entitled. See Exhibit 5.

- In paragraph 5(c) of Count I, and paragraph 2 of Count IV, you state that Defendants abused the legal process in an attempt to undermine Roque's rights in the Estate of LaTanya Haggerty.

A cursory study of the elements for abuse of process would have revealed that the facts of this case did not warrant such a claim. There are two elements of a claim for abuse of process in Illinois: (1) some act in the use of the legal process not proper in the regular

prosecution of such proceedings, and (2) the existence of an ulterior purpose or motive. Kirchner v. Greene, 691 N.E.2d 107, 116 (1st Dist. 1998). The mere use of the legal process, such as filing of a lawsuit, does not constitute abuse of process. Id., citing Kurek v. Kavanaugh, Scully, Sudow, White & Frederick, 50 Ill. App. 3d 1033, 1038 (Dist. 1997). The allegations in your Amended Complaint do not satisfy these elements, and more importantly, the material facts in this case cannot satisfy these elements. You have provided no evidence, and indeed there is no evidence, to suggest that Maurice Haggerty, Jr., or our firm has performed any improper act or that we acted with ulterior purpose or motive.

In light of the facts and relevant law set forth above, it is clear that your Complaint was filed in violation of the "objectively reasonable inquiry" standard of Rule 11. We would like to avoid the further expense and time of filing a Rule 11 motion and therefore suggest that you agree to dismiss your identical state court Complaint in the case of Roque v. Haggerty, et.al. with prejudice by Monday, April 12. Otherwise, we have no choice but to file a Rule 11 motion against both you and Sharon Roque. In conjunction with that motion, we will seek all attorney fees and costs incurred as a result of your frivolous Complaint.

We look forward to your prompt written response to this letter.

Very truly yours,

Thomas C. Marszewski
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
312.977.0200

# AFFIDAVIT

I, **THOMAS C. MARSZEWKSI**, swear to the following under oath:

1. I first spoke with Sharon Roque in August of 1999 after learning from Maurice Haggerty, Jr. that the decedent, LaTanya Haggerty's father, Maurice Haggerty, Sr. had an out of wedlock child, Sharon Roque with a woman other than LaTanya Haggerty's mother.

2. On August 17, 1999, I faxed Sharon Roque a Waiver of Notice which she signed and faxed back to me the same day regarding waiving notice to the appointment of Maurice Haggerty, Jr. as the independent representative of the Estate of LaTanya Haggerty. (See Attached Exhibit A.)

3. In late September, 1999, I appeared before probate Judge Frank Siracusa with an Affidavit of heirship signed by Maurice Haggerty, Jr. on September 20, 1999. (See Attached Exhibit B.)

4. In that affidavit, Maurice Haggerty, Jr. concluded that Sharon Roque was an heir to LaTanya Haggerty based upon paragraph eight (8) of his affidavit wherein he stated that "the father of LaTanya Haggerty, Maurice Haggerty, Sr. has one other child, Sharon Roque." (See, Exhibit B.)

5. I faxed to Sharon Roque, a copy of Exhibit B and a draft order declaring heirship which included Sharon Roque as an heir prior to attending court before Judge Siracusa in late September.

6. When I appeared before Judge Siracusa in late September of 1999, Judge Siracusa instructed me that paragraph eight (8) of the Affidavit of Heirship was not sufficient for him to determine whether Sharon Roque was an heir to LaTanya Haggerty and Judge Siracusa directed my attention to the last paragraph of 755 ILCS 5/2-2 and specifically to the first sentence before the semi-colon which states "An illegitimate person is heir of his mother and of any maternal ancestor and of any person from whom his mother might have inherited, if living;"

7. After the late September, 1999 court appearance, Maurice Haggerty, Jr. prepared a second Affidavit of Heirship which he executed on October 5, 1999; paragraph ten (10) of that affidavit referenced Sharon Roque. (See, Attached Exhibit C.)

8. On October 20, 1999, the court entered on an order declaring heirship which did not include Sharon Roque as an heir. (See, Attached Exhibit D.)

9. At some time between October 20, 1999 and October 27, 1999, I informed Sharon Roque in a telephone conversation that she was not included as an heir in LaTanya Haggerty's

EXHIBIT 5
tabbies

estate because: (1) She did not have the same mother as LaTanya (2) that while she shared the same father, she was born out of wedlock and (3) a person born out of wedlock is an heir of the mother and maternal ancestors only.

10. During our October 1999 telephone conversation, I informed her that if she wished to contest the Judge's order that she should seek the advice of an attorney.

11. On October 27, 1999, I mailed Sharon Roque two copies of all of the Estate of LaTanya Haggerty documents filed and entered on October 20, 1999 and two copies of §755 ILCS 5/2-2 of the Illinois Probate Act. See attached Exhibit E.

12. Since October 27, 1999, I have had no communication of any kind which Sharon Roque and I have no knowledge of whether she has attempted to contact me at any time since October 27, 1999.

FURTHER AFFAINT SAYETH NAUGHT

SUBSCRIBED and SWORN
to before me this 31 day of
October, 2001

NOTARY PUBLIC

OFFICIAL SEAL
ASONYA L WILLIAMS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/18/06

(Rev. 1/17/01) CCG 0002

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Estate of [illegible] Haggerty

v.

[illegible] person

No. 99 P 7031

Bk: 64

Page: 889

## ORDER

This cause coming to be heard [illegible] motion to vacate [illegible] the pleadings [illegible] motion for judgment on the pleadings and having heard [illegible] amended heirship [illegible] full jurisdiction [illegible] [illegible] the court [illegible] of [illegible] testimony [illegible] ordered:

(1) That [illegible] the [illegible] of [illegible] Haggerty [illegible]

(2) The order of heirship is hereby amended to reflect.

CIRCUIT COURT PROBATE DIV.
ENTERED
MAR 7 2002

Atty. No.: [illegible]

Name: [illegible]

Atty. for: [illegible]

Address: [illegible]

City/State/Zip: [illegible]

Telephone: [illegible]

ENTER: JUDGE FRANK SIRACUSA #0670

Judge — Judge's No.

[illegible] BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MAURICE HAGGERTY, JR. independently and as Special Administrator of the Estate of LaTanya Haggerty, deceased<br><br>Plaintiffs | ) | RECEIVED JUN 2 9 2001 |
| SERENA E.DANIELS, and CITY OF CHICAGO, a municipal corporation<br><br>Defendants | ) | No. 99 L 6486 |

**RELEASE AND SETTLEMENT AGREEMENT**

Plaintiff, Maurice Haggerty, Jr. independently and as Special Administrator of the Estate of LaTanya Haggerty, deceased, by his attorney, James D. Montgomery, James D. Montgomery and Associates, Ltd. and defendants, City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and Serena E. Daniels, by one of her attorneys, Thomas J. Platt, Assistant Corporation Counsel of the City of Chicago, stipulate and agree to the following:

1. This action has been brought by plaintiffs, Maurice Haggerty, Jr. independently and as Special Administrator of the Estate of LaTanya Haggerty, against defendants, City of Chicago and Serena E. Daniels and makes certain allegations in the Amended Complaint.

2. Plaintiff, Maurice Haggerty, Jr. and his attorneys represent and warrant that he has been duly appointed Special Administrator of the estate of LaTanya Haggerty by the Circuit Court of Cook County and that all notices of this appointment to heirs and other parties as required by law have been properly made.

EXHIBIT 7

3. Plaintiff, Maurice Haggerty, Jr., as Special Administrator of the estate of LaTanya Haggerty, deceased, represents and warrants that the distribution of the proceeds of this Release and Settlement will be in accordance with the attached "Petition for Allocation of Proceeds for Wrongful Death" and "Settlement Order" (Exhibits A and B, attached) and that this Release and Settlement is expressly conditioned on the court's entry of the Settlement Order pursuant to that petition. Plaintiff and his attorneys further represent and warrant that they will take any and all necessary steps and will follow such rules of procedure as may be required by the Circuit Court of Cook County, Illinois, including, but not limited to, the procurement of any approvals, findings, or orders of the Probate Division of the Circuit Court of Cook County, Illinois.

4. Defendants deny each and every allegation of wrongdoing as stated in the Amended Complaint and, further, deny liability.

5. The parties, and their respective attorneys, acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties, and their respective attorneys, further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff, and his attorneys agree that he or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other

purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

6. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, including Maurice Haggerty, Jr. independently and as Special Administrator of the Estate of LaTanya Haggerty, deceased agrees to dismiss with prejudice and release all of their claims against defendants, City of Chicago and Serena E. Daniels, with each side bearing its own costs and attorneys' fees.

7. Plaintiff, Maurice Haggerty, Jr. independently and as Special Administrator of the Estate of LaTanya Haggerty, deceased, accepts a settlement from defendant, City of Chicago, in the total amount of EIGHTEEN MILLION AND NO/100 ($18,000,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

8. The City of Chicago agrees to pay plaintiff, NINE MILLION DOLLARS AND NO/100 ($9,000,000.00) of the total amount of the settlement on or about July 1, 2001 and the remaining NINE MILLION DOLLARS AND NO/100 on or about November 1, 2001. This sum shall be payable solely by the City of Chicago, and plaintiff, and/or his attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement checks will be made payable to plaintiff, Maurice Haggerty, Jr. independently and as Special Administrator of the Estate of LaTanya Haggerty, deceased and lien claimants, if any, of which the City has notice.

9. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not

limited to, the individual defendant, Serena E. Daniels from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

10. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and the heirs, executors, administrators and assigns, all claims they had or have against the individual defendant, Serena E. Daniels or other persons or employees or police officers and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he has, had or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

11. This Release and Settlement Agreement and any documents that may be executed under paragraph 14 herein, contains the entire agreement between the parties, with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

12. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

13. In entering into this Release and Settlement Agreement, plaintiff, individually and on behalf of the beneficiaries of the estate represents that he has relied upon the advice of his attorneys, who are the attorneys of their own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by plaintiff and the beneficiaries. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

14. All parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

15. Plaintiff represents that this Release and Settlement Agreement is to be treated as an amount of damages paid on account of a claim of wrongful death within the meaning of Section 104(a)(2) of the Internal Revenue Code.

16 The City of Chicago states that on June 27, 2001, the Chicago City Council approved this settlement in the total amount of EIGHTEEN MILLIONS DOLLARS AND NO/100 dollars ($18,000,000.00), as set forth in this Release and Settlement Agreement (see copy of the June 27, 2001, Chicago City Council Authorization, attached here as Exhibit C) and as recommended by the Corporation Counsel's Office.

Maurice Haggerty, Jr. Individually
and as Special Administrator of
the Estate of and LaTanya Haggerty,
deceased

Address: 321 W 145 PL
Riverdale

Date of Birth: 12/26/59

SSN: 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

City of Chicago
a Municipal Corporation
Mara S. Georges
Corporation Counsel
Attorney for the City of Chicago

BY: ____________________

Sharon Baldwin
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
312-744-6919

DATE: ____________

____________________

Thomas J. Platt
Assistant Corporation Counsel
Attorney for Defendants Serena Daniels
30 N. LaSalle St.
Suite 900
Chicago, Illinois 60602
312-744-4833

DATE: ____________

James D. Montgomery
James D. Montgomery and Associates
Suite 2450
Chicago, Illinois 60602
312-977-0200
Attorneys for plaintiff, Maurice Haggerty, Jr., Individually and Special Administrator of the Estate of LaTanya Haggerty, deceased

DATE: 6/29/01

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

| | | |
|---|---|---|
| Estate of LaTanya Haggerty | ) | No. 99 P 7051 |
| | ) | |
| | ) | Docket: 64 |
| | ) | |
| | ) | Page: 289 |

FILED
OCT 2 0 1999
AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

AFFIDAVIT OF HEIRSHIP

MAURICE HAGGERTY, JR. on oath states the following:

1. The decedent, LaTANYA HAGGERTY, died in Chicago, Illinois on June 4, 1999 at the age of 26 years.

2. I am of legal age.

3. I reside at 321 W. 145th Place, Riverdale, Illinois 60827.

4. I am a brother of the deceased.

5. LaTanya Haggerty had no children.

6. LaTanya Haggerty was never married.

7. The parents of LaTanya Haggerty, Maurice Haggerty, Sr., and Barbara Haggerty, are married and have had three children during their marriage: Maurice Haggerty, Jr., Barbara Frye, and LaTanya Haggerty.

8. Neither Maurice Haggerty, Sr. nor Barbara Haggerty were ever previously married to any other person.

9. Neither Maurice Haggerty, Sr. nor Barbara Haggerty have ever adopted any children.

10. The father of LaTanya Haggerty, Maurice Haggerty, Sr., had one other child out of wedlock, Sharon Roque.

11. The mother of LaTanya Haggerty, Barbara Haggerty, had one other child out of wedlock, Stevie Flournoy.

Based on the foregoing, decedent left as her only heirs the following, all of whom survived the decedent, and in the absence of any indication to the contrary, are mentally competent:

Maurice Haggerty, Sr. (father of decedent);
Barbara Haggerty (mother of decedent);
Barbara Frye (sister of decedent);
Stevie Flournoy (brother of decedent);
Maurice Haggerty, Jr. (brother of decedent).

Maurice Haggerty, Jr., Affiant

Subscribed and Sworn to before me
this 5th day of October, 1999

Notary Public

EXHIBIT
8